UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | | |
|---|---|---|
| FORWARD AIR SOLUTIONS, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2:14-cv-344 |
| | ) | |
| CARLTON WILLIAMS, individually, | ) | |
| and d/b/a C.R. WILLIAMS | ) | |
| TRANSPORTATION, INC. and | ) | |
| C.R. WILLIAMS | ) | |
| TRANSPORTATION, INC., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| ~AND~ | ) | |
| | ) | |
| PROGRESSIVE SOUTHEASTERN | ) | |
| INSURANCE COMPANY, | ) | |
| | ) | |
| Intervening Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| FORWARD AIR SOLUTIONS, INC. | ) | |
| CARLTON WILLIAMS, individually, | ) | |
| and d/b/a C.R. WILLIAMS | ) | |
| TRANSPORTATION, INC. and | ) | |
| C.R. WILLIAMS | ) | |
| TRANSPORTATION, INC. | ) | |
| | ) | |
| Intervening Defendants. | ) | |

MEMORANDUM OPINION AND ORDER

Before this Court is a Motion for Default Judgment ("Motion") filed by the intervening plaintiff Progressive Southeastern Insurance Company.[1] Defendants Carlton Williams, individually, and d/b/a C.R. Williams Transportation, Inc. and C.R. Williams Transportation, Inc. ("Defendants") have not responded to the motion and have not filed an answer to the intervening complaint. The intervening plaintiff filed a motion for entry of default, and the Clerk entered default. For the reasons below, this Court GRANTS the intervening plaintiff's motion.

## I. Facts

The plaintiff, Forward Air Solutions Inc. ("Forward Air" or plaintiff), filed suit against Defendants Carlton Williams, individually, and d/b/a C.R. Williams Transportation, Inc. and C.R. Williams Transportation, Inc. in this action which involves the liability of a motor carrier under 49 U.S.C.A. § 14706. The underlying Complaint alleged that on March 15, 2013, the plaintiff and defendants entered into a Broker to Carrier agreement whereby defendants agreed to transport shipments arranged by plaintiff. The shipments were made pursuant to an August 28, 2013 bill of lading. The shipment consisted of 575 cartons of freight shipped by plaintiff's customer, Cititrends. Defendants failed to deliver each of the shipments at issue in good order and condition because on or about August 31, 2013, defendants left the trailer containing the shipments unattended overnight at a retail store located at 9600 San Jose Boulevard, Jacksonville, Florida. The shipments were subsequently stolen from the trailer during the evening hours of August 31, 2013 and/or early morning hours of September 1, 2013.

At the time of the incident, defendants were operating a 2014 Utility trailer owned by plaintiff's affiliate, FAF, Inc., pursuant to a Motor Carrier Trailer Interchange Agreement executed by and between FAF, Inc. and defendants on or about March 15, 2013. Plaintiff's

---

[1] Also pending before the Court is intervening plaintiff's Motion for Summary Judgment, [Doc. 28], and Motion for Rule 16 Case Management Conference, [Doc. 31]. The Court will address these motions by separate order filed simultaneously herewith.

trailer sustained significant property damage as a result of the incidents of the evening hours of August 31, 2013 and/or early morning hours of September 1, 2103. Plaintiff claims damages from the disappearance of the cargo in the amount of $123,919.04 and damages for the property damage to its trailer in the amount of $1,318.55. Plaintiff made formal notice of claim with the Defendants on September 13, 2013.

On March 15, 2013, intervening plaintiff, Progressive Southeastern Insurance Company ("Progressive") issued a North Carolina Commercial Auto Insurance Policy to C.R. Williams Transportation, Inc. under policy number 02114965-0 with a policy period of March 15, 2013, through September 15, 2013. Progressive's North Carolina Commercial Auto Policy includes an insuring agreement concerning trailers attached to an insured vehicle and a motor truck cargo legal liability coverage endorsement, which provides an insuring agreement concerning loss to covered property and exclusions which exclude coverage for motor truck cargo based upon circumstances and criteria. Based on this policy, the plaintiff has given notice to Progressive that it makes a claim against the North Carolina Commercial Auto Policy for the loss of cargo and the property damage to the trailer as set forth in the plaintiff's Complaint through correspondence from the plaintiff's counsel dated November 24, 2014. On January 21, 2014, Progressive communicated to the plaintiff that no coverage was applicable under the terms and conditions of the North Carolina Commercial Auto Policy as a result of the failure of C.R. Williams Transportation, Inc. and Carlton Williams to cooperate with Progressive in regard to its claim and coverage investigation and based on information available to Progressive concerning the loss in this matter.

The plaintiff applied for default against the defendants. Before the Clerk entered default, the intervening plaintiff moved to intervene and named Forward Air Solutions Inc., Carlton

3

Williams, individually, and d/b/a C.R. Williams Transportation, Inc., and C.R. Williams Transportation, Inc. as defendants. The Clerk entered default against both, and then the plaintiff moved for default judgment. Prior to the granting of that motion, the United States magistrate judge granted the motion to intervene. Thus, the Intervenor Complaint was filed, seeking a declaratory judgment that no coverage exists and there is no duty to indemnify under the policy. Forward Air answered the Intervenor Complaint, but the other defendants failed to do so.

The Clerk entered default judgment for Forward Air against the defendants. Then, Progressive applied for default against Defendants Carlton Williams, individually, and d/b/a C.R. Williams Transportation, Inc., and C.R. Williams Transportation, Inc. The Clerk entered default as to both. Then, Progressive filed the instant Motion for Default Judgment.

## II. Standing

"Standing has three elements." *Fednav, Ltd. v. Chester*, 547 F.3d 607, 614 (6th Cir. 2008). "First, the plaintiff must have suffered an 'injury in fact'—an invasion of a legally protected interest which is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical." *Id*. (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992)). "Second, the injury must be 'fairly traceable to the challenged action of the defendant.'" *Id*. (quoting *Lujan*, 504 U.S. at 560). "Third, it must be likely that the injury will be 'redressed by a favorable decision.'" *Id*. (quoting *Lujan*, 504 U.S. at 561).

"The existence of an 'actual controversy' in a constitutional sense is necessary to sustain jurisdiction under the Declaratory Judgment Act." *Nat'l Rifle Ass'n of Am. v. Magaw*, 132 F.3d 272, 279 (6th Cir. 1997) (citations omitted). To determine whether an "actual controversy" exists, courts "must ask whether the parties have 'adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment' even though the injury-in-fact has

4

not yet been completed." *Id.* at 280 (quoting *Golden v. Zwickler*, 394 U.S. 103, 108 (1969)). A plaintiff may satisfy that requirement by demonstrating "actual present harm or a significant possibility of future harm," *Hyman v. City of Louisville*, 53 F. App'x 740, 743 (6th Cir. 2002) (quoting *Peoples Rights Org., Inc. v. City of Columbus*, 152 F.2d 522, 527 (6th Cir. 1998)), provided the other requirements of standing are satisfied, *see White v. United States*, 601 F.3d 545, 555 (6th Cir. 2010).

Here, the intervening plaintiff has standing to seek a declaratory judgment. *See TIG Ins. Co. v. Merryland Childcare & Dev. Ctr., Inc.*, No. 04–2666, 2005 WL 3008646, at *2 (W.D.Tenn. Nov. 9, 2005) ("[P]articularly in cases involving insurance coverage, declaratory judgment actions to determine the scope of liability are permissible despite the fact that the exact sums for which the insurer may be liable have not yet been determined."). Because Forward Air has given notice to Progressive that it makes a claim against the North Carolina Commercial Auto Policy for the loss of cargo and the property damage to the trailer, the intervening plaintiff has demonstrated a significant possibility of future harm that is imminent, concrete, and particularized. Plaintiff has also demonstrated that the injury is fairly traceable to defendants' actions and that a declaration about its responsibility to provide coverage would redress that injury. When presented with virtually identical facts, courts have granted declaratory judgments to insurers. *See, e.g., Owners Ins. Co. v. James*, 295 F.Supp.2d 1354, 1360 (N.D. Ga. 2003); *Nat'l Am. Ins. Co. v. Coronado*, No. 5:03–CV–034–C, 2003 WL 21283516, at *1–2 (N.D .Tex. May 29, 2003); *cf. Freeman v. State Farm Mut. Auto. Ins. Co.*, 436 F.3d 1033, 1034–36 (8th Cir. 2006) (affirming declaratory judgment for an insurer that an exclusion clause in an insurance policy applied to an insured individual's claim). Therefore, the intervening plaintiff has standing to sue and seek a declaratory judgment.

5

### III. Jurisdiction

Defendants Carlton Williams, individually, and d/b/a C.R. Williams Transportation, Inc., and C.R. Williams Transportation, Inc. have failed to plead or otherwise defend in this action. This Court, however, has to determine that it has subject matter jurisdiction and personal jurisdiction prior to entering default judgment against the Defendants. *Certain Underwriters at Lloyd's, London v. Alkabsh*, No. 09-2711, 2011 WL 938407, at *2 (W.D. Tenn. Mar. 15, 2011) (citing *Williams v. Life Sav. & Loan*, 802 F.2d 1200, 1203 (10th Cir.1986) (per curiam)). This Court need not analyze whether venue would be appropriate. *Hoffman v. Blaski*, 363 U.S. 335, 343, 80 S. Ct. 1084, 1089, 4 L. Ed. 2d 1254 (1960).

First, the Court has subject matter jurisdiction over a declaratory judgment action pursuant to Title 28 United States Code section 2201. The Court has subject matter jurisdiction over the original action pursuant to Title 28 United States Code section 1337. In addition, this Court has diversity jurisdiction under Title 28 United States Code section 1332 when the parties are citizens of different states and the amount in controversy is in excess of $75,000 exclusive of interests and costs. 28 U.S.C § 1332(a)(1). The intervening plaintiff is a foreign corporation with its principal place of business in Ohio. Carlton Williams is a citizen of Florida and the corporate defendant is incorporated in North Carolina with its principal place of business in North Carolina. Forward Air is a Tennessee corporation with its principal place of business in Tennessee. Therefore, the first prong of the diversity jurisdiction test has been met.

The second prong of the diversity jurisdiction test is that of the amount in controversy. "[T]he sum claimed by the plaintiff controls if the claim is made apparently in good faith." *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288 (1938). In an insurance coverage case, the "value of the consequences which may result from the litigation" sets the amount in

6

controversy. *Lodal, Inc. v. Home Ins. Co. of Ill.*, No. 95–2187, 1998 WL 393766, at *2 (6th Cir. June 12, 1998) (quoting *Beacon Constr. Co. v. Matco Elec. Co.*, 521 F.2d 392, 399 (2d Cir.1975)).

The plaintiff in the original action claimed actual damages amounting to $123,919.09. The intervening complaint asks for declaratory judgment that there is no insurance coverage for the original loss. Therefore, the amount in controversy for the intervening complaint is at least $123,919.09. The intervening plaintiff, therefore, has met the amount in controversy. This Court has subject matter jurisdiction.

Personal jurisdiction is a two-prong test: (1) does the law in the state authorize jurisdiction, and (2) does the exercise of jurisdiction violate Due Process. *Brunner v. Hampson*, 441 F.3d 457, 463 (6th Cir. 2006). The Tennessee long-arm statute allows personal jurisdiction to extend to the limits provided for in the Constitution. *Bridgeport Music, Inc. v. Still N The Water Pub.*, 327 F.3d 472, 477 (6th Cir. 2003). Personal jurisdiction under the Due Process clause must adhere to "traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945). This standard is met if the defendant "purposefully avails itself of the privilege of conducting activities within the forum state." *Id.*

In this case, the contracts that give rise to the original action contain forum selection clauses which state that a suit must be brought in Tennessee, and Tennessee law is the choice of law. Forum selection clauses are enforced unless extraordinary circumstances exist. *The Bremen v. Zapata Off–Shore Co.,* 407 U.S. 1, 18 (1972). There is no evidence in this case that the original forum selection clause was entered into under fraudulent circumstances. Further, there are no circumstances suggested to this Court that are extraordinary. Therefore, the forum

7

selection clause is valid and this Court has personal jurisdiction over the defendants in the original action.

It is true, however, that the insurance contract between Carlton Williams and C.R. Williams Transportation, Inc. and Progressive is a North Carolina policy. The contract attached to the Intervenor Complaint does not contain a forum selection clause or choice of law provision. Nonetheless, this Court determines it has personal jurisdiction over Defendants Carlton Williams and C.R. Williams Transportation, Inc.

The Court has now determined it has subject matter jurisdiction over this action and that the intervening plaintiff has standing to seek a declaratory judgment. The Court now must decide, in its discretion, whether to exercise jurisdiction over the intervening plaintiff's request. *See Scottsdale Ins. Co. v. Flowers*, 513 F.3d 546, 554 (6th Cir. 2008); *Heydon v. MediaOne of Se. Mich., Inc.*, 327 F.3d 466, 470 (6th Cir. 2003). In deciding whether to exercise jurisdiction, this Court considers five factors:

    (1) whether the declaratory action would settle the controversy;

    (2) whether the declaratory action would serve a useful purpose in clarifying the legal relations in issue;

    (3) whether the declaratory remedy is being used merely for the purpose of "procedural fencing" or "to provide an arena for res judicata;"

    (4) whether the use of a declaratory action would increase friction between our federal and state courts and improperly encroach upon state jurisdiction; and

    (5) whether there is an alternative remedy which is better or more effective.

*Flowers*, 513 F.3d at 554 (quoting *Grand Trunk W. R.R. Co. v. Consol. Rail Corp.*, 746 F.2d 323, 326 (6th Cir.1984)). The Court determines, after considering the five factors, that it will exercise jurisdiction. As such, the Court will now turn to the default judgment analysis.

## IV. Default Judgment

Under Federal Rule of Civil Procedure 55, a party may move for default judgment after obtaining an entry of default. *See* Fed R. Civ. P. 55(a)-(b); *United States ex rel. TTL Assocs. v. Edge Constr. Co.*, No. 06–14453, 2007 WL 295219, at *1–2 (E.D. Mich. Jan. 26, 2007). A clerk's entry of default against a defendant pursuant to Rule 55(a), however, does not mean that a plaintiff necessarily prevails and is entitled to any relief demanded in a complaint. *See United States v. Conces*, 507 F.3d 1028, 1039 (6th Cir. 2007). The first step when faced with an entry of default and a motion for default judgment is to determine whether the complaint's factual allegations provide a sufficient legal basis for the entry of a default judgment. *See Coach, Inc. v. Cellular Planet*, No. 2:09–cv–00241, 2010 WL 1853424, at *3 (S.D. Ohio May 7, 2010) (citation omitted); *Krowtoh II LLC v. Excelsius Int'l Ltd.*, No. 04–505–KSF, 2007 WL 5023591, at *3 (E.D. Ky. Dec. 17, 2007); *cf. Gen. Conference Corp. of Seventh–Day Adventists v. McGill*, 617 F.3d 402, 407 (6th Cir.2010) (stating that a default judgment does not preclude review of whether the complaint's allegations, if taken as true, state a claim sufficient to support a judgment of liability).

The second step is that the Court must determine the relief to which plaintiffs are entitled. *See Vesligaj v. Peterson*, 331 F. App'x 351, 355 (6th Cir. 2009); *Osbeck v. Golfside Auto Sales, Inc.*, No. 07–14004, 2010 WL 2572713, at *4–5 (E.D. Mich. June 23, 2010) (citations omitted); *Coach*, 2010 WL 1853424, at *3 (citation omitted). A hearing is not necessary when determining appropriate relief does not require a court to conduct an accounting, determine the amount of

damages, establish the truth of any allegation by evidence, or investigate any other matter. *See* Fed. R. Civ. P. 55(b)(2); *Joe Hand Promotions, Inc. v. Willis*, No. 5:08 CV 2786, 2009 WL 369511, at *1 (N.D. Ohio Feb. 11, 2009).

Here, the Court determines that the Intervenor Complaint's factual allegations provide a sufficient legal basis for the entry of a default judgment. As to the appropriate relief, in the Intervenor Complaint, the intervenor plaintiff seeks, "That upon a hearing of this matter, a Declaratory Judgment be entered by the Court declaring that Progressive has no duty to indemnify or defend C.R. Williams Transportation, Inc., or Carlton Williams in regard to the loss described in the original Complaint or the litigation in this matter and that no coverage from the North Carolina Commercial Auto Policy applies to the claims asserted by the plaintiff in the original complaint accordingly." The motion for default judgment only applies to Carlton Williams and C.R. Williams Transportation, Inc. Thus, the appropriate relief is a declaration that Progressive has no duty to indemnify or defend C.R. Williams Transportation, Inc. or Carlton Williams in regard to the loss described in the original Complaint or the litigation in this matter. The prayer for relief as to Forward Air will be addressed in the Memorandum Opinion on Progressive's Motion for Summary Judgment.

## V. Conclusion

In sum, the intervening plaintiff's motion is GRANTED. As such, the Court DECLARES that Progressive has no duty to indemnify or defend C.R. Williams Transportation, Inc. or Carlton Williams in regard to the loss described in the original Complaint or the litigation in this matter.

ENTER:

s/J. RONNIE GREER<br>UNITED STATES DISTRICT JUDGE