UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | | |
|---|---|---|
| FORWARD AIR SOLUTIONS, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2:14-cv-344 |
| | ) | |
| CARLTON WILLIAMS, individually, | ) | |
| and d/b/a C.R. WILLIAMS | ) | |
| TRANSPORTATION, INC. and | ) | |
| C.R. WILLIAMS | ) | |
| TRANSPORTATION, INC., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| ~AND~ | ) | |
| | ) | |
| PROGRESSIVE SOUTHEASTERN | ) | |
| INSURANCE COMPANY, | ) | |
| | ) | |
| Intervening Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| FORWARD AIR SOLUTIONS, INC. | ) | |
| CARLTON WILLIAMS, individually, | ) | |
| and d/b/a C.R. WILLIAMS | ) | |
| TRANSPORTATION, INC. and | ) | |
| C.R. WILLIAMS | ) | |
| TRANSPORTATION, INC. | ) | |
| | ) | |
| Intervening Defendants. | ) | |

MEMORANDUM OPINION AND ORDER

Before this Court is a Motion for Summary Judgment filed by the intervening plaintiff, Progressive Southeastern Insurance Company, [Doc. 28]. Defendants Carlton Williams,

individually, and d/b/a C.R. Williams Transportation, Inc. and C.R. Williams Transportation, Inc. ("Defendants") did not respond to the motion and have not filed an answer to the intervening complaint. In addition, filed simultaneously herewith is an order granting default judgment against these defendants. Finally, Plaintiff and Intervening Defendant Forward Air Solutions Inc. ("Forward Air") has failed to respond to the Motion for Summary Judgment. For the reasons below, this Court GRANTS the intervening plaintiff's motion.

## I. Facts

The undisputed facts are set forth in the Memorandum Opinion and Order regarding the Motion for Default Judgment with these additional facts that follow. Progressive's North Carolina Commercial Auto Policy includes an insuring agreement concerning trailers attached to an insured vehicle and a motor truck cargo legal liability coverage endorsement, which provides an insuring agreement concerning loss to covered property and exclusions which exclude coverage for motor truck cargo based upon circumstances and criteria. Under the terms and conditions of the North Carolina Commercial Auto Policy and Motor Truck Cargo Legal Liability Coverage Endorsement, C.R. Williams Transportation, Inc. and Carlton Williams, as insureds under that policy, had a contractual obligation to cooperate with Progressive in order to satisfy contractual duties in the event of a claim, loss, or suit. Among the contractual duties to cooperate in the event of a claim, loss, or suit, C.R. Williams Transportation, Inc., and Carlton Williams had a contractual obligation to allow Progressive to take signed and recorded statements, including sworn statements and examinations under oath, and answer all reasonable questions that Progressive may ask as often as Progressive may reasonably require.

Under the terms and conditions of the North Carolina Commercial Auto Policy, C.R. Williams Transportation, Inc. and Carlton Williams, as insureds under that policy, had a

contractual obligation to cooperate with Progressive in taking all reasonable steps to protect covered property and business equipment at the time of and after a loss to avoid further damage and provide Progressive with a signed, sworn, proof of loss containing all the information requested to settle a claim within (60) days after Progressive's request. C.R. Williams Transportation, Inc. and Carlton Williams had a contractual duty to produce for examination all books of account, uniform bills of lading, shipping receipts, invoices, drivers' log books, and any other documents at such reasonable time and place that Progressive may designate, and permit extracts and copies thereof to be made. C.R. Williams Transportation, Inc. and Carlton Williams had a contractual duty to notify Progressive as soon as practicable after an accident or loss and cooperate with Progressive in any matter concerning a claim or lawsuit. C.R. Williams Transportation, Inc. and Carlton Williams had a contractual duty to allow Progressive to have the damage to an insured auto or other auto involved in an accident or loss inspected and appraised before its repair or disposal and provide Progressive access to C.R. Williams Transportation, Inc.'s and Carlton Williams's business or personal records as often as Progressive may require.

On January 24, 2015, a Notice of Examination Under Oath was served on C.R. Williams Transportation, Inc., through its principal, Carlton Roosevelt Williams, by private process server Chris Lanahan in Duval County, Jacksonville, Florida. The Notice of Examination Under Oath required that Mr. Williams appear for an Examination Under Oath to be taken on February 4, 2015, at 9:00A.M. at the offices of First Coast Court Reporter, 2442 Atlantic Boulevard, Jacksonville, Florida. Despite having been served with the Notice to appear individually and on behalf of C.R. Williams Transportation, Inc., Mr. Williams failed to appear for the noticed Examination Under Oath.

**II. Summary Judgment Standard**

Summary judgment is proper where the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue of material fact and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). In ruling on a motion for summary judgment, the Court must view the facts contained in the record and all inferences that can be drawn from those facts in the light most favorable to the non-moving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Nat'l Satellite Sports, Inc. v. Eliadis, Inc.*, 253 F.3d 900, 907 (6th Cir. 2001). The Court cannot weigh the evidence, judge the credibility of witnesses, or determine the truth of any matter in dispute. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986).

The moving party bears the initial burden of demonstrating that no genuine issue of material fact exists. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). To refute such a showing, the non-moving party must present some significant, probative evidence indicating the necessity of a trial for resolving a material factual dispute. *Id.* at 322. A mere scintilla of evidence is not enough. *Anderson*, 477 U.S. at 252; *McClain v. Ontario, Ltd.*, 244 F.3d 797, 800 (6th Cir. 2000). This Court's role is limited to determining whether the case contains sufficient evidence from which a jury could reasonably find for the non-moving party. *Anderson*, 477 U.S. at 248-49; *Nat'l Satellite Sports*, 253 F.3d at 907. If the non-moving party fails to make a sufficient showing on an essential element of its case with respect to which it has the burden of proof, the moving party is entitled to summary judgment. *Celotex*, 477 U.S. at 323. If this Court concludes that a fair-minded jury could not return a verdict in favor of the non-moving party based on the evidence presented, it may enter a summary judgment. *Anderson*, 477 U.S. at 251-52; *Lansing Dairy, Inc. v. Espy*, 39 F.3d 1339, 1347 (6th Cir. 1994).

The party opposing a Rule 56 motion may not simply rest on the mere allegations or denials contained in the party's pleadings. *Anderson*, 477 U.S. at 256. Instead, an opposing party must affirmatively present competent evidence sufficient to establish a genuine issue of material fact necessitating the trial of that issue. *Id.* Merely alleging that a factual dispute exists cannot defeat a properly supported motion for summary judgment. *Id.* A genuine issue for trial is not established by evidence that is merely colorable," or by factual disputes that are irrelevant or unnecessary. *Id.* at 248-52.

## III. Analysis

Progressive argues that "because it is undisputed that C.R. Williams Transportation, Inc. and Carlton Williams, as insureds under the terms and conditions of a commercial auto policy issued by Progressive, failed to comply with their contractual obligations to notify Progressive as soon as practicable after a loss and to cooperate in the event of a claim, loss, or suit as required by the Progressive policy, and/or because the loss complained of is not covered and/or excluded by the terms of the policy, coverage does not apply to the loss, and consequently Progressive has no duty to indemnify or defend C.R Williams Transportation, Inc. and Carlton Williams in this lawsuit as a matter of law," [Doc. 28].

Progressive bases its arguments on Tennessee law. Its citations to Tennessee law are correct and support Progressive's arguments. Nonetheless, a federal district court is required to apply the choice-of-law rules of the state in which it sits. *See Klaxon Co. v. Stentor Electric Mfg. Co.*, 313 U.S. 487, 496 (1941); *Montgomery v. Wyeth*, 580 F.3d 455, 459 (6th Cir. 2009) (citation omitted). "In Tennessee, absent a valid choice of law provision, the rights and obligations under an insurance policy are governed by the law of the state where the insurance policy was 'made and delivered.'" *Charles Hampton's A–1 Signs, Inc. v. Am. States Ins. Co.*, 225

5

S.W.3d 482, 485 n. 1 (Tenn. Ct. App. 2006) (quoting *Ohio Cas. Ins. Co. v. Travelers Indem. Co.*, 493 S.W.2d 465, 467 (Tenn. 1973)); *accord Yarnell v. Transamerica Life Ins. Co.*, 694 F.Supp.2d 857, 861–62 (E.D. Tenn. 2010); *see also In re Estate of Davis*, 184 S.W.3d 231, 234 (Tenn. Ct. App. 2004) ("Absent a contractual choice of law provision, Tennessee courts apply the *lex loci* rule to contract causes of action. Accordingly, the substantive law of the state in which the contract was executed governs disputes arising from the contract.") (citation omitted).

Here, the insurance policy attached to the Intervenor Complaint and to the Summary Judgment Motion does not contain a choice of law provision. It is entitled, however, "North Carolina Commercial Auto Policy." It appears from the facts stated in the Complaint, Intervenor Complaint and attached exhibits that the insurance policy was made and delivered in North Carolina. Therefore, the Court will apply North Carolina substantive law. *See Yarnell*, 694 F.Supp.2d at 861–62; *Charles Hampton's A–1 Signs, Inc.*, 225 S.W.3d at 485 n. 1; *In re Estate of Davis*, 184 S.W.3d at 234.

Under North Carolina law, whether there has been a material failure to comply with the cooperation clause of an insurance agreement is a question of fact. *Henderson v. Rochester American Ins. Co.*, 118 S.E.2d 885 (1961). An insured's failure to cooperate must have "materially prejudiced [the insurer's] ability to investigate and defend the claim." *Liberty Mut. Ins. Co. v. Pennington*, 573 S.E.2d 118, 124 (2002). An insurer claiming the forfeiture of coverage by the insured's breach of the cooperation clause has the burden of proof. *Henderson*, 118 S.E.2d 885. Based on these principles, it appears, especially considering no defendants have responded, that the intervening plaintiff is entitled to summary judgment.

Moreover, it appears that Progressive is entitled to summary judgment for another reason to which the defendants have failed to respond or demonstrate that there is a genuine issue of fact

6

for trial. Defendant signed a written agreement that included an exclusionary provision that coverage would not be provided if the covered property experienced loss in a voluntary parting. The undisputed facts show that defendant knowingly abandoned exclusive control of the vehicle in a vacant parking lot with the intent to pick it up at a later time thus triggering the exclusionary clause. There are no disputed material facts regarding the events leading up to this claim. Therefore, Progressive was proper to deny coverage to defendant, and summary judgment is in order in favor of the insurer.

Finally, defendant's insurance policy stated that coverage would also be inapplicable to losses related to non-delivery of the property, and/or a "mysterious disappearance" of the property. It is undisputed that the intended destination of the property was not the local parking lot in which defendant left the vehicle prior to its unexpected disappearance. Additionally, defendant failed to deliver the covered property and goods to its intended destination, and thus failed to fulfill an express provision of the policy. Because the Court has determined there are no genuine issues of fact for trial on the voluntary parting and non-delivery exclusions, the Court need not address the "mysterious disappearance" argument.

**IV. Conclusion**

For the reasons set forth above, the motion is GRANTED. As such, the Motion for Rule 16 Conference, [Doc. 31], is DENIED AS MOOT.

ENTER:

s/J. RONNIE GREER
UNITED STATES DISTRICT JUDGE